*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 4, 2014                    518135
_____

In the Matter of the Claim of
    EFREN CEDENO,
                    Appellant,

        v

PACOA et al.,                              MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

        Law Offices of Joseph Romano, New York City (Anthony
Brooks-Morgese of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

_____


McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed June 25, 2013, which, among other things, assessed a
monetary penalty against claimant's counsel pursuant to Workers'
Compensation Law § 114-a (3) (ii).

        Claimant resides in Queens and, after he was purportedly
injured while working in Nassau County, applied for workers'
compensation benefits.  With that application, claimant submitted
a form on counsel's letterhead in which he requested that all

hearings in his case be handled at a hearing site in the City of White Plains, Westchester County.  The Workers' Compensation Law Judge found that no basis existed for a change of venue and assessed counsel fees of $250 against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii).  Upon review, the Workers' Compensation Board modified by increasing the assessment of counsel fees to $500.  Claimant now appeals.[1]

We affirm.  The Chair of the Board generally sets "the times and places for the hearing of claims" by venuing them in the district in which a claimant resides if he or she lives in New York (Workers' Compensation Law § 141; see 12 NYCRR 300.7 [b]).  A claimant may submit a written request for change of venue that articulates the reasons for his or her request, and a written decision must be issued thereon.  Claimant's challenges to that policy are unpreserved for our review given that he failed to raise them before the Board (see Matter of Mejia v Camabo Indus., Inc., 117 AD3d 1362, 1362 [2014]; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]).  Moreover, claimant's request for a change of venue was a procedural motion that necessitated a response, and the Board properly determined that it was a "proceeding[] in respect of [a claim for compensation]" within the meaning of Workers' Compensation Law § 114-a (3) (see Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]).

Turning to the merits, claimant's unsubstantiated assertion that it would be "most convenient" for him to attend hearings in a district with no connection to either his residence or the

---

[1] Given that the only issues on this appeal relate to the assessment of counsel fees, "counsel is the party in interest pursuant to Workers' Compensation Law § 23 and 'should have filed the notice of appeal on [his] own behalf'" (Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013], quoting Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 n [2013]).  No allegation of prejudice has been made, however, and we will disregard that defect and treat the appeal as having been taken by counsel (see CPLR 2001; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d at 1198).

accident site did not warrant a change in venue. Counsel for claimant was well aware that such groundless requests for a venue change would be rejected and, thus, substantial evidence supports the Board's assessment of counsel fees pursuant to Workers' Compensation Law § 114-a (3) (ii) (see Matter of Difilippo v Con Edison, 117 AD3d 1363, 1364 [2014]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]). Lastly, we are unpersuaded that the Board lacked authority to modify the decision of the Workers' Compensation Law Judge and increase the amount of that assessment (see Workers' Compensation Law § 23).

Garry, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court